1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| MARY A. BANKS,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>          Defendant. | Case No. CV 15-02646-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

     Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.


**PROCEEDINGS**


     On June 8, 2015, Plaintiff filed a Complaint seeking review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate

Judge.  (Docket Entry Nos. 11-12).  On May 19, 2016, Defendant filed an Answer along with the Administrative Record ("AR").  (Docket Entry Nos. 14-15).  On November 3, 2016, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims.  (Docket Entry No. 22).

The Court has taken this matter under submission without oral argument.  See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed June 9, 2015 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 29, 2012, Plaintiff, formerly employed as an in-home care provider and a restaurant customer service provider (see AR 45, 280-83), filed applications for Disability Insurance Benefits and for Supplemental Security Income, alleging a disability since August 13, 2010. (See AR 231-49).  On April 11, 2014, the Administrative Law Judge ("ALJ"), Marti Kirby, heard testimony from Plaintiff (represented by counsel) and vocational expert David Rinehart. (See AR 41-65).  On August 15, 2014, the ALJ issued a decision denying Plaintiff's applications. (See AR 23-34).  After determining that Plaintiff had severe impairments -- "chronic obstructive pulmonary disease; asthma; degenerative joint disease lumbosacral spine; chondrocalcinosis of the right knee with mild degenerative changes with mild medial joint space narrowing; mild degenerative changes in the acetabular region of the right leg; diabetes mellitus; depression; hypertension; obesity;

2

learning disorder; and obstructive sleep apnea" (AR 25)[1] -- and that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the Listed Impairments (26-28), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work[3] with the following limitations: standing/walking for 4 hours out of an 8-hour workday, but no more than 10-15 minutes at a time; sitting for 6 hours out of an 8-hour workday, with brief position changes after one hour; occasional bending, stooping, climbing steps and balancing; no kneeling, crawling, squatting or crouching; no climbing ladders, ropes and scaffolds; no working at unprotected heights or around moving machinery or other hazards; can perform unskilled work; avoid concentrated exposure to fumes, odors, gases or other pulmonary irritants and a climate controlled environment; ready access to a restroom (i.e., within the same building); no repetitive or constant pushing/pulling with the lower extremities such as operating foot controls; and avoid concentrated exposure to temperature extremes.   (AR 28-32).   The ALJ then determined that Plaintiff was unable to perform any past relevant work (AR 32), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not

---

[1]    The ALJ determined that some of Plaintiff's impairments -- history of diverticulitis, status post colectomy and colostomy which was reversed in 2010; history of substance abuse, history of hernia repair surgery; and substance abuse disorder -- were not severe.   (AR 26).

[2]    A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations.   See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[3]    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

1   disabled within the meaning of the Social Security Act.   (AR 33-34).

2

3       Plaintiff requested that the Appeals Council review the ALJ's

4   decision.   (See AR 19).   The request was denied on October 30, 2015.

5   (See AR 1-5).   The ALJ's decision then became the final decision of the

6   Commissioner, allowing this Court to review the decision.   See 42 U.S.C.

7   §§ 405(g), 1383(c).

8

9                          **PLAINTIFF'S CONTENTIONS**

10

11      Plaintiff alleges that the ALJ erred in failing to properly: (1)

12  determine whether Plaintiff could perform occupations identified by the

13  vocational expert; (2) determine Plaintiff's mental RFC; and (3)

14  evaluate whether Plaintiff met Listing 12.05C. (See Joint Stip. at 5-

15  11, 16-21, 29-37, 43-44).

16

17                              **DISCUSSION**

18

19      After consideration of the record as a whole, the Court finds that

20  Plaintiff's second claim of error warrants a remand for further

21  consideration.   Accordingly, the Court will not address Plaintiff's

22  first and third claims of error.

23  //

24  //

25  //

26

27

28

                                      4

**A.    The ALJ Erred in Failing to Consider the Effect of Plaintiff's Difficulties in Concentration, Persistence or Pace in Determining Plaintiff's RFC**

Plaintiff asserts that the ALJ failed to include in the hypothetical to the vocational expert, and therefore failed to take into account, Plaintiff's moderate difficulties in concentration, persistence or pace in determining Plaintiff's RFC. (See Joint Stip. at 18-21, 29-30). Defendant asserts that the ALJ's determination about Plaintiff's RFC (specifically, that Plaintiff could perform only unskilled work) adequately took into account Plaintiff's benign mental limitations. (See Joint Stip. at 21-29).[4]

At step three of the sequential evaluation process, the ALJ determined that Plaintiff had moderate difficulties in concentration, persistence or pace. The basis of that determination was the opinion of the psychological consultative examiner, Kathy A. Vandenburgh, Ph.D. (see AR 507)[5]. (See AR 27).[6]

---

[4]    Defendant contends that a finding about a claimant's limitations in concentration, persistence or pace is not a RFC determination but rather is related to the determination about whether a claimant has a severe impairment [step two of the sequential evaluation process] and/or met or medically equaled any of the listed impairments [step three of the sequential evaluation process]. (See Joint Stip. at 21-24). The Court does not agree. The statutes and case cited by Defendant do not support that contention.

[5]    In the section labeled "Prognostic Impressions and Medical Source Statement," Dr. Vandenburgh wrote:

   4.    Ability to complete simple tasks. Limitations: From a purely psychological perspective, this claimant is likely able to complete a simple repetitive task that does not involve a significant amount of memory or intellectual functioning. She does complete tasks slightly slower

(continued...)

A hypothetical question to a vocational expert must accurately reflect a claimant's limitations, including any limitations in maintaining concentration, persistence and pace.  See Robbins v. Social Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006)(". . . [I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence"); Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002)("In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record.")(citations omitted); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . ."). Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991);

---

[5]   (...continued)
than others and may have slight to moderate impairment maintaining appropriate pace and persistence. . . .
(AR 507).

[6]   The ALJ wrote:

With regard to concentration, persistence or pace, the claimant has moderate difficulties.  The claimant alleges some deficiency with her memory, yet the mental status examination of record was fairly benign in this regard (Ex 6F)  The claimant's statements of record indicate that she uses the computer, drives, and watches television.  These activities require some degree of sustained attention.  However, based on the reporting of the consultative examiner that the claimant may have up to a moderate degree of impairment in maintaining pace and persistence (Ex 6F pg 7), the undersigned assigns moderate difficulties in this area.

(AR 27).

<u>Gamer v. Secretary</u>, 815 F.2d 1275, 1280 (9th Cir. 1987); <u>Gallant v.</u>
<u>Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ failed to give the vocational expert a hypothetical
question that included Plaintiff's moderate difficulties in her ability
to maintain concentration, persistence or pace. <u>See</u> <u>Willard v. Colvin</u>,
2016 WL 237068, *3 (C.D. Cal. Jan. 20, 2016)("But the Ninth Circuit has
held that when the medical evidence establishes and the ALJ accepts that
the claimant has moderate limitation in maintaining concentration,
persistence, and pace, that limitation must be reflected in the
Plaintiff's RFC and in the hypothetical presented to the vocational
expert.") (citing <u>Brink v. Comm'r. Soc. Sec. Admin.</u> 343 Fed.Appx 211,
212 (9th Cir. 2009) [rejecting the Commissioner's contention that the
phrase "simple, repetitive work" encompasses difficulties with
concentration, persistence or pace]); <u>Bentacourt v. Astrue</u>, 2010 WL
4916604, *3 (C.D. Cal. Nov. 27, 2010)(the ALJ failed to include the
claimant's limitations in concentration, persistence and pace in a
hypothetical question to the vocational expert); <u>Lubin v. Comm'r of Soc.</u>
<u>Sec. Admin.</u>, 507 Fed.Appx 709, 712 (9th Cir. 2012) ("Although the ALJ
found that [the claimant] suffered moderate difficulties in maintaining
concentration, persistence, or pace, the ALJ erred by not including this
limitation in the residual functional capacity determination or in the
hypothetical question to the vocational expert.").

Defendant relies on <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174
(9th Cir. 2008) as support for the assertion that the ALJ's
determination that Plaintiff could perform jobs involving unskilled work

adequately captured Plaintiff's moderate mental limitations. (<u>See</u> Joint Stip. at 26-27). <u>Stubbs-Danielson</u> is distinguishable.

In <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d at 1174, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace when the assessment is consistent with restrictions identified in the medical testimony." In <u>Stubbs-Danielson</u>, one doctor found that the plaintiff had a "slow pace, both with thinking and her actions," was moderately limited in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods, and was mildly limited in other mental functioning areas, and another doctor found the plaintiff had a "slow pace, both in thinking & actions" and was moderately limited in other mental functional limitations. <u>Id.</u> at 1173. Based on the fact that there was medical testimony -- the second doctor's opinion, that the plaintiff had the ability to perform simple tasks, the Ninth Circuit found that the ALJ did not err in finding that the plaintiff had the RFC to perform simple, routine work. <u>Id.</u> at 1173-75 ("The ALJ translated Stubbs-Danielson's condition, including the pace and mental limitations, into the only concrete restrictions available to him--Dr. Eather's recommended restriction to 'simple tasks.'"). While in <u>Stubbs-Danielson</u> the ALJ's determination that Plaintiff could perform simple, routine work was supported by one doctor's opinion, the ALJ's finding here that Plaintiff could perform unskilled work was not based on any doctor's opinion.

The ALJ did not rely on medical evidence in the record, including a medical source statement, establishing that Plaintiff was capable of

unskilled work *despite her moderate limitation in concentration, persistence, or pace*. Therefore, the ALJ erred in failing to consider and include that limitation in determining Plaintiff's ability to engage in unskilled work. See <u>Brink v. Commissioner Social Sec. Admin.</u>, 343 Fed.Appx 211, 212 (9th Cir. Aug. 18, 2009)(rejecting Commissioner's contention that the phrase "simple, repetitive work" encompasses difficulties with concentration, persistence or pace); <u>Janovich v. Colvin</u>, 2014 WL 4370673, *7 (E.D. Cal. 2014)(when "the ALJ found at step 3 of the sequential evaluation that the medical record of evidence established that plaintiff had moderate difficulties in maintaining concentration, persistence or pace, <u>Stubbs-Danielson</u> is not controlling here"); <u>Feltis v. Astrue</u>, 2012 WL 2684994, *4 (E.D. Cal. July 6, 2012)(the RFC failed to reflect the ALJ's stated acceptance of consultative examiner's findings regarding impact of the plaintiff's impairment on pace, endurance and ability to deal with changes in a routine work setting); <u>Lim v. Astrue</u>, 2011 WL 3813100, *7 (E.D. Cal. Aug. 29, 2011)(the ALJ failed to incorporate limitation of sustained concentration into the RFC); <u>Bentancourt v. Astrue</u>, 2010 WL 4916604, *3 (C.D. Cal. Nov. 27, 2010)(the ALJ failed to include the plaintiff's limitations in concentration, persistence and pace in the hypothetical question to the vocational expert); see also <u>Valentine v. Comm'r of Soc. Sec. Admin.</u>, 574 F.3d 685, 6910 (9th Cir. 2009)("[A]n RFC that fails to take into account a claimant's limitations is defective.").

//

//

//

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  <u>Id.</u> at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011); <u>Harman v. Apfel</u>, <u>supra</u>, 211 F.3d at 1179-81.

Since the ALJ failed to present a complete hypothetical to the vocational expert, remand is appropriate.  Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[7]

---

[7]    The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (2014).  Accordingly, the Court declines to rule on Plaintiff's claims regarding whether the ALJ properly determined that Plaintiff
(continued...)

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 11, 2017

                                                             /s/

                                           ALKA SAGAR

                         UNITED STATES MAGISTRATE JUDGE

---

[7] (...continued) could perform occupations identified by the vocational expert (see Joint Stip. at 5-11, 16-18) and whether the ALJ properly evaluated whether Plaintiff's impairments met Listing 12.05C (see Joint Stip. at 31-37, 43-44). Because this matter is being remanded for further consideration, these issues should also be considered on remand.